United States District Court
Southern District of Texas

**ENTERED**

January 21, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERICA TALASEK,                       §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §        CIVIL ACTION NO. H-18-3306
                                     §
UNUM LIFE INSURANCE COMPANY          §
OF AMERICA, UNUM GROUP, AND          §
NATIONAL OILWELL VARCO, LP           §
                                     §
        Defendants.                  §

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant National Oilwell Varco,

L.P.'s ("NOV") Motion to Dismiss (Doc. 23).  The court has

considered the motion, the response, the reply, all other relevant

filings, and the applicable law.  For the reasons set forth below,

the court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

### I.  Case Background

Plaintiff filed this lawsuit asserting claims under the

Employee Retirement Income Security Act of 1974 ("ERISA"),[2] as well

as negligence and ERISA estoppel claims.

### A.  Factual Background

The following facts are gleaned form Plaintiff's second

amended complaint.

---

[1]    This case was referred to the undersigned magistrate judge pursuant
to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the
Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 42,
Ord. Dated Oct. 9, 2019.

[2]    29 U.S.C. § 1001 et seq.

### 1.    The Policy

Plaintiff was married to Ben Talasek ("Ben") on March 9, 1996, and they had two children together.[3]  Ben began working for NOV on April 23, 2001.[4]   One of the benefits to which Ben was automatically entitled as an employee of NOV was a basic life insurance policy that paid twice his annual salary upon his death.[5] Ben also had the option to participate in a supplemental life insurance policy (the "Policy") offered by Defendants Unum Life Insurance Company of America and Unum group (collectively the "Unum Defendants").[6]

Ben requested coverage under the Policy and received a benefits confirmation statement on November 17, 2013.[7]   The statement provided that Ben would pay a premium of $13.71 per pay period for a $300,000 life insurance benefit.[8]  Plaintiff was named as the beneficiary of the Policy.[9]   Defendants are the plan administrators and plan sponsors of the Policy.[10]

Ben began making the $13.71 premium payments in early 2014

---

[3]     See Doc. 16, Pl.'s 2nd Am. Compl. p. 3.

[4]     See id.

[5]     See id.

[6]     See id.

[7]     See id.

[8]     See id.

[9]     See id.

[10]     See id.

until mid-February 2017 when the premium increased to $19.80.[11]  Ben continued making premium payments following the increase.[12]  NOV withdrew the premiums from Ben's wages and the Unum Defendants received the premiums.[13]  As he was making continuous payments, Plaintiff alleges that Ben believed he was covered by the Policy, which would pay Plaintiff upon Ben's death.[14]  Ben received benefits confirmation statements in November 2014, December 2015, and December 2016, that stated his coverage under the Policy would continue into the next year.[15]

Plaintiff alleges that the Unum Defendants never informed Ben or Plaintiff that Ben had not been approved for coverage under the Policy and never told NOV to stop deducting premiums from Ben's paycheck.[16]

### 2.  Ben's Death

In 2014, Ben was diagnosed with pancreatic cancer.[17]  Following the diagnosis, Ben had conversations with his family, including Plaintiff, about how the life insurance money could be utilized

---

[11]     See id. p. 4.

[12]     See id.

[13]     See id.

[14]     See id.

[15]     See id.

[16]     See id. pp. 3-4, 7.

[17]     See id. p. 5.

most effectively.  Ben died on December 24, 2017.[18]

### 3.    Denial of Coverage

In January 2018, Plaintiff sought to obtain the $300,000 life insurance benefit under the Policy.[19]  On March 12, 2018, the Unum Defendants informed Plaintiff that Plaintiff would be paid twice Ben's salary under the basic life insurance policy, but they were continuing to evaluate coverage under the Policy.[20]  On March 13, 2018, via letter, the Unum Defendants informed Plaintiff that her request for coverage under the Policy was denied.[21]  In the letter, the Unum Defendants claimed that Ben had submitted an "evidence of insurability" form on January 2, 2014, but coverage under the Policy had not been approved.[22]  Also in the letter, the Unum Defendants claimed that Ben had been informed of its decision to deny coverage under the Policy in a March 6, 2014 letter (the "Denial Letter").[23]  A copy of the Denial Letter was not provided.[24]

### 4.    Parties' Knowledge

Ben never received the March 6, 2014 Denial Letter.[25] Plaintiff

---

[18]    See id.

[19]    See id.

[20]    See id.

[21]    See id.

[22]    See id.

[23]    See id.

[24]    See id.

[25]    See id.

did not see the Denial Letter until after the Unum Defendants denied benefits under the Policy.[26]  NOV received the Denial Letter in 2014, but did not inform Ben about the coverage denial and continued to deduct premiums from Ben's paycheck.[27]

### 5.    Coverage Denial Appeal

On April 23, 2018, Plaintiff sent a letter to the Unum Defendants requesting an appeal of their decision to deny her request for benefits.[28]  On April 30, 2018, the Unum Defendants gave Plaintiff until June 11, 2018 to submit an appeal.[29]  The Unum Defendants later extended the deadline to June 22, 2018.[30] Plaintiff sent her appeal to the Unum Defendants on June 19, 2018.[31]  The Unum Defendants denied Plaintiff's appeal on July 12, 2018.[32]

## B.  Procedural Background

Plaintiff filed this lawsuit on September 17, 2018.[33]  On December 17, 2018, with the court's leave, Plaintiff filed her first amended complaint.[34]  On April 10, 2019, with the court's

---

[26]     See id. p. 6

[27]     See id.

[28]     See id.

[29]     See id.

[30]     See id.

[31]     See id.

[32]     See id.

[33]     See Doc. 1, Pl.'s Orig. Compl.

[34]     See Doc. 9, Pl.'s 1st Am. Compl.

leave, Plaintiff filed her second amended complaint.[35]   On August 5, 2019, NOV filed its pending motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[36]   On August 26, 2019, Plaintiff filed her response to NOV's motion to dismiss.[37] On August 30, 2019, the court extended NOV's deadline to submit a reply to September 6, 2019.[38]   On September 6, 2019, NOV filed a reply in support of its motion to dismiss.

## II.   Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court may consider, in addition to the complaint itself, "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).  The attached documents control in the case of a conflict between the allegations in the complaint and the contents of the documents.  See United States ex rel. Riley v. St. Luke's Epis. Hosp., 355 F.3d 370, 377 (5th Cir. 2004).

---

[35]   See Doc. 16, Pl.'s 2nd Am. Compl.

[36]   See Doc. 23, NOV's Mot. to Dismiss.

[37]   See Doc. 30, Pl.'s Resp. to NOV's Mot. to Dismiss.

[38]   See Doc. 32, Ord. Dated Aug. 30, 2019.

The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).   A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678.   A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.   In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

## III. Analysis

NOV argues that Plaintiff's negligence and breach of fiduciary duty claims should be dismissed under Rule 12(b)(6) for failure to state a claim.   Plaintiff argues that she has stated claims for negligence and breach of fiduciary duty.

## A.   <u>Negligence</u>

Plaintiff alleges a negligence claim against NOV, but not the

Unum Defendants.[39]   Plaintiff alleges that NOV was negligent when it: (1) did not inform Ben about the information obtained from the Unum Defendants; (2) continually deducted premiums from Ben's paycheck while knowing Ben had not been approved for coverage under the Policy; (3) repeatedly provided Ben with annual benefit statements that represented his coverage under the Policy was ongoing.[40]

If a state law, including state law causes of action, "relates to an employee benefit plan, it is preempted by ERISA." Cefalu v. B.F. Goodrich Co., 871 F.2d 1290, 1292 (5th Cir. 1989).  "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)(internal quotation marks omitted)(quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96–97 (1983)).  "[T]he Fifth Circuit has found claims brought under state law asserting a variety of common law and statutory causes of action[, including negligence claims,] arising from the failure to pay or misrepresentations concerning benefits available under an ERISA plan to be preempted by ERISA . . . ." Wise v. Lucent Techs. Inc. Pension Plan, 102 F. Supp. 2d 733, 746 (S.D. Tex. 2000).

The parties agree that the policy is an employee benefits

---

[39]    See Doc. 16, Pl.'s 2nd Am. Compl. p. 10.

[40]    See id.

plan. Thus, it is clear that Plaintiff's negligence claim is preempted by ERISA. Plaintiff, however, argues that she must be allowed to maintain her negligence cause of action against NOV because NOV denies that it is the plan sponsor or plan administrator, potentially making ERISA inapplicable to it.[41] Even if Plaintiff's argument was legally sound, NOV admits in its reply brief that it is the plan sponsor and plan administrator of the Policy.[42]

For these reasons, Plaintiff's negligence claim should be **DISMISSED**.

## B.   Breach of Fiduciary Duty

Section 502(a)(3) of ERISA provides a civil cause of action that can be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Plaintiff specifically asserted a claim under Section 502(a)(3)(B) "seeking $300,000 as 'appropriate equitable relief' against Defendants."[43] Plaintiff also asserted a claim under Section 502(a)(1)(B), which provides that a civil

---

[41]   See Doc. 30, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 3.

[42]   See Doc. 35, NOV's Reply in Support of Mot. for Summ. J. p. 2.

[43]   See Doc. 16, Pl.'s 2nd Am. Compl. p. 10.

action may be brought by a beneficiary "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

"[I]f relief is available under section 502(a)(1)(B), equitable relief is not available under section 502(a)(3).  Lopez v. Liberty Life Assur. Co. of Boston, CIV.A. H-13-2460, 2013 WL 5774878, at *4 (S.D. Tex. Oct. 24, 2013).  "When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3)."  McCall v. Burlington N./Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000)(citing Corcoran v. United HealthCare, Inc., 965 F.2d 1321, 1335 (5th Cir.1992)).

Here, through her Section 502(a)(3)(B) claim, Plaintiff only seeks the $300,000 that was not paid out on the Policy.[44]  Under prevailing Fifth Circuit precedent, this claim is properly brought through Section 502(a)(1)(B), and is not available to Plaintiff through Section 502(a)(3)(B).  Nonetheless, in her response to NOV's motion to dismiss, Plaintiff argues that she should be allowed to bring her Section 502(a)(3)(B) claim because the court will have to order "an appropriate equitable remedy to stop Defendants from engaging in such willful blindness and exploitation

---

[44]     See id.

10

of vulnerable individuals . . . ."[45]  Plaintiff has amended her
complaint twice and has not asked for anything other than "$300,000
as 'appropriate equitable relief' against Defendants" regarding her
Section 502(a)(3)(B) claim.[46]

Plaintiff's Section 502(a)(3)(B) claim only seeks relief that
is already available under 502(a)(1)(B).  Accordingly, Plaintiff's
Section 502(a)(3)(B) claim against NOV should be **DISMISSED.**

The district court may dismiss a cause of action sua sponte as
long as a fair procedure is employed.  Gaffney v. State Farm Fire
& Cas. Co., 294 F. App'x 975, 977 (5th Cir. 2008).  Fairness
requires notice of the court's intention to dismiss a cause of
action and an opportunity to respond.  See id.  Plaintiff pled her
Section 502(a)(3)(B) claim against all Defendants, but only NOV has
motioned for its dismissal.  Accordingly, the court **RECOMMENDS** that
the Section 502(a)(3)(B) claim against the Unum Defendants be
**DISMISSED** sua sponte.  Plaintiff will have the opportunity to
respond to this recommendation in a timely filed objection.

## C.   Judicial Estoppel

Finally, Plaintiff argues that NOV should be judicially
estopped from arguing that Ben was not a plan participant because
in its motion to dismiss NOV stated that "no defendant has
challenged the sufficiency of [Plaintiff's Section 502(a)(1)(B)]

---

[45]    See Doc. 30, Pl.'s Resp. to NOV's Mot. to Dismiss.

[46]    See Doc. 16, Pl.'s 2nd Am. Compl. p. 10.

11

claim . . . ."[47]

"Judicial estoppel is . . . applied in the court's discretion to prevent a party from asserting a position in a legal proceeding that is contrary to a position previously taken by [that party] in the same or some earlier legal proceeding.   United States v. Farrar, 876 F.3d 702, 709 (5th Cir. 2017)(internal quotation marks omitted).   The only position that was asserted by NOV was that no party has challenged Plaintiff's Section 502(a)(1)(B) claim.   The court reads this to mean that NOV concedes that Plaintiff has sufficiently pled her Section 502(a)(1)(B) claim.   NOV certainly did not concede liability on Plaintiff's Section 502(a)(1)(B) claim by this statement as Plaintiff argues.   Accordingly, at this time, the court declines to exercise the discretion afforded it under the doctrine of judicial estoppel.

## IV.   Conclusion

Based on the foregoing, the court **RECOMMENDS** that NOV's motion to dismiss be **GRANTED** and that Plaintiff's Section 502(a)(3)(B) against the Unum Defendants be **DISMISSED** sua sponte.   If this Memorandum and Recommendation is adopted, Plaintiff's remaining claims will be her Section 502(a)(1)(B) claim and her ERISA Estoppel claim, against all Defendants.

The   Clerk   shall   send   copies   of   this   Memorandum   and Recommendation to the respective parties who have fourteen days

---

[47]     See Doc. 30, Pl.'s Resp. to NOV's Mot. to Dismiss.

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 21st day of January, 2020.

Nancy K. Johnson
United States Magistrate Judge

13