United States District Court
Southern District of Texas
**ENTERED**
February 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICA TALASEK, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-3306 |
| | § | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § | |
| ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

On December 30, 2020, the District Court adopted this Court's December 15, 2020 Memorandum and Recommendation granting Defendants' Motions for Summary Judgment. ECF 100, 102. Based on the summary judgment briefing, the Court understood Plaintiff to be seeking a return of premiums in the event her claims for benefits were denied and ordered her to file a Motion for Judgment in order to fully resolve all claims in this case. *See* ECF 100 at 21.

Plaintiff filed a Motion for Judgment against Defendant Unum seeking awards of $1,325.25 for premiums, pre-judgment interest of $392.52, and attorney's fees of $2,480.00. ECF 103. Unum responded that it did not object to entry of judgment refunding premiums but did object to judgment for interest and attorney's fees.[1] ECF 104 at 2. Defendant NOV filed a Notice informing the Court that while no response from it was necessary because the Motion for Judgment was directed only to Unum, it joins in Unum's reasoning. ECF 105. In her Reply, Plaintiff clarifies: "It is accurate that Talasek was not seeking the return of premiums as a form of relief in this case. Talasek filed her motion [for judgment] based on the Court's order and will be appealing the decision to grant summary judgment in favor of the defendants." ECF 106. Plaintiff filed her Notice of Appeal on January 29, 2021, indicating her position that the District Court's adoption of the Memorandum and Recommendation was a final judgment resolving all

---

[1] The basis for Unum's objection to interest and attorney's fees is that NOV attempted to return the premiums to Plaintiff before she filed suit and she refused to accept them. ECF 10

claims in this case.   ECF 107.

Federal Rule of Civil Procedure 54(c) provides:

> A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

Despites her concession that she did not assert a claim for refund of premiums in this case, the summary judgment record established that she was entitled to a refund, and Defendants do not object to entry of judgment awarding the refund of premiums.   The Court further finds that it is equitable to compensate Plaintiff for the lost use of the premium funds by awarding prejudgment interest. *Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016) (prejudgment interest is available in ERISA cases not as a penalty but to compensate the plaintiff for the use of funds.).

The Court has discretion to award attorney's fees to a successful claimant in an ERISA case.   29 U.S.C. § 1132(g)(1); *North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018).   Plaintiff was not successful on her ERISA claims in this case. Moreover, counsel made a strategic decision to refuse to accept a return of premiums on behalf of Plaintiff prior to filing suit.

For the above reasons the Court **RECOMMENDS** that Plaintiff's Motion for Judgment in the amount of $1,717.77 for premiums and pre-judgment interest be **GRANTED,** the Motion for Judgment for attorney's fees be **DENIED**, and Final Judgment be entered awarding Plaintiff $1,717.77 and denying all other relief.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by

statute on other grounds.

Signed on February 26, 2021, at Houston, Texas.

                                                      Christina A. Bryan
                                          United States Magistrate Judge